5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph GODINA, Defendant-Appellant.
 No. 92-10586.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 16, 1993.
 
 Appeal from the United States District Court, for the Eastern District of California, D.C. No. CR S-88-318-EJG; Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Godina appeals the district court's July 27, 1992 order that imposed a sentence of 78 months for assault on a federal officer, to run consecutively from an earlier undischarged term of ten years for possession of a controlled substance. The earlier undischarged term was imposed pursuant to the Federal Youth Corrections Act (the Youth Act), 18 U.S.C. Sec. 5010 (repealed 1984).
 
 
 3
 In 1989, the district court first sentenced Godina to the 78-month term. However, the 1989 sentencing order did not specify whether the 78 months was to run concurrently or consecutively with the ten-year term. In 1992, Godina filed a motion to correct his sentence pursuant to Fed.R.Crim.P. 36. He claimed that as a matter of law the 78 month sentence for the assault must run concurrent to the 10 year sentence he received under the Youth Act. After a hearing, the court denied Godina's motion, specifically holding that the sentences were to be served consecutively.
 
 
 4
 Godina argues on appeal that the district court erred because it should have imposed a concurrent sentence. His only authority is 28 C.F.R. Sec. 2.10(c), which provides that the sentences of offenders under the Youth Act are tolled by: (1) court ordered bail; (2) escape; (3) an avoidance of parole supervision; or (4) contempt of court. Godina argues that since a second sentence does not toll the sentence under the Youth Act, the second sentence must run concurrently with the first. Alternatively, Godina argues that the court should exercise its discretion and order the sentences to run concurrently.
 
 
 5
 We disagree. The issue of what tolls a running sentence is completely different from the issue of whether separately imposed sentences are to run consecutively or concurrently. Therefore, it does not follow that the second sentence must run concurrently simply because Godina's sentence is not tolled under the Youth Act.
 
 
 6
 18 U.S.C. Sec. 3584, which governs multiple sentences of imprisonment, applies to this situation. It says in relevant part:
 
 
 7
 If ... a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that their terms are to run concurrently.
 
 
 8
 18 U.S.C. Sec. 3584 gives the district court discretion to impose either a concurrent or a consecutive sentence. It contains no exceptions for sentences pursuant to the Youth Act.
 
 
 9
 There was no error in the court's imposition of a consecutive sentence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3